IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VICTORIA ANDERSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:17-cv-2852-N-BN |
| | § | |
| LUXOR STAFFING, ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This *pro se* disability-discrimination action has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge David C. Godbey. The Court has granted Plaintiff Victoria Anderson leave to proceed *in forma pauperis*, *see* Dkt. No. 6, and the undersigned now issues these findings of fact, conclusions of law, and recommendation that the Court should dismiss Anderson's complaint without prejudice to her filing, within a reasonable time to be set by the Court, an amended complaint stating a plausible claim under Title I of the Americans with Disabilities Act (the "ADA").

**Legal Standards and Analysis**

A district court is required to screen a civil action filed *in forma pauperis* and may summarily dismiss that action if it "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii); *cf. Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir.

-1-

1998) (verified responses to interrogatories issued to "[t]o aid in the determination of whether an IFP complaint is frivolous," "become part of the plaintiff's pleadings" (citing *Eason v. Holt*, 73 F.3d 600, 602 (5th Cir. 1996))).

Dismissal for failure to state a claim "turns on the sufficiency of the '*factual allegations*' in the complaint," *Smith v. Bank of Am., N.A.*, 615 F. App'x 830, 833 (5th Cir. 2015) (per curiam) (quoting *Johnson v. City of Shelby, Miss.*, 574 U.S. ___, 135 S. Ct. 346, 347 (2014) (per curiam); emphasis added by *Smith*), and the Federal Rules of Civil Procedure "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted," *Johnson*, 135 S. Ct. at 346. Indeed, to survive dismissal under the framework of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), a plaintiff need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that he contends entitle him to relief. *Johnson*, 135 S. Ct. at 347 (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)); *see Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) ("A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" (quoting *Iqbal*, 556 U.S. at 679)).

The rationale that factual plausibility (as opposed to legal labeling) controls the failure-to-state-a-claim analysis has even more force in this case, as the Court "must construe the pleadings of *pro se* litigants liberally." *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006).

The ADA "prohibits certain employers, including the States, from 'discriminat[ing] against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.'" *Bd. of Trustees of Univ. of Ala. v. Garrett*, 531 U.S. 356, 360-61 (2001) (quoting 42 U.S.C. § 12112(a)).

"To establish an ADA discrimination claim, a plaintiff may present 'direct evidence that he was discriminated against because of his disability or alternatively proceed under the burden-shifting analysis first articulated in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)'" – the first step of that analysis being the prima facie case. *Caldwell v. KHOU-TV*, 850 F.3d 237, 241 (5th Cir. 2017) (quoting *Rodriguez v. Eli Lilly & Co.*, 820 F.3d 759, 764 (5th Cir. 2016); brackets omitted).

A prima facie ADA discrimination claim requires a plaintiff to make three showings: "'(1) that he has a disability; (2) that he was qualified for the job; and (3) that he was subject to an adverse employment decision on account of his disability.'" *E.E.O.C. v. LHC Group, Inc.*, 773 F.3d 688, 697 (5th Cir. 2014) (quoting *Zenor v. El Paso Healthcare Sys., Ltd.*, 176 F.3d 847, 853 (5th Cir. 1999); brackets omitted). "To make out a prima facie case of discrimination under the ADA," then, "an employee must demonstrate that the employer subjected her to adverse employment decisions on account of her disability." *Justice v. Renasant Bank*, 697 F. App'x 357, 358 (5th Cir. 2017) (per curiam).

The United States Court of Appeals for the Fifth Circuit has cautioned that a

plaintiff is not required to make a showing of each prong of the prima facie test at the pleading stage. *See Raj v. La. State Univ.*, 714 F.3d 322, 331 (5th Cir. 2013) (citing *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 510-12 (2002)). But this first step of "*McDonnell Douglas* provides a viable rubric for evaluating pleading sufficiency at [this] stage, consistent with the principle that 'no plaintiff is exempt from his obligation to allege facts sufficient to state all the elements of his claim.'" *Martinez v. City of Weslaco, Tex.*, No. 7:12-CV-417, 2013 WL 2951060, at *4 (S.D. Tex. June 14, 2013 (quoting *Puente v. Ridge*, 324 F. App'x 423, 427-28 (5th Cir. 2009) (per curiam); original brackets omitted).

The question for the Court on initial screening is therefore whether Anderson's pleadings sufficiently allege that she suffered a discriminatory employment action based on a disability within the meaning of the ADA. *See Swierkiewicz,* 534 U.S. at 512-13; *cf. Thornton v. Dallas ISD,* No. 3:13-cv-3012-P, 2014 WL 46398, at *3 (N.D. Tex. Jan. 6, 2014) (applying this analysis to screen Title VII discrimination and retaliation claims under Section 1915(e)(2)(B) after issuance of a questionnaire).

She has not. All Anderson has alleged is that she was "wrongfully terminated ... after suffering injury on the job" and was terminated "on the day of her doctor's appointment [because, according to her employer,] she did not show up to work." Dkt. No. 3 at 1; *see also* Dkt. No. 9 at 8 (EEOC charge of discrimination attached to verified responses to the Court's questionnaire, stating that, "[o]n or about July 5, 2017, I was discharged from my position as a temporary employee.... I believe I have been discriminated against because of my disability in violation of Title I of the [ADA].").

These claims neither set out facts to present a direct case of disability discrimination facts nor allege the first prima facie element – that Anderson "suffers from a disability within the meaning of the statute." *Clark v. Livingston*, Civ. No. CC-08-45, 2009 WL 2827991, at *4 (S.D. Tex. Sept. 1, 2009) ("As the Fifth Circuit has explained, not every impairment, even if severe, is a disability within the meaning of the ADA. Rather, plaintiff must [allege] that his condition significantly impairs a major life activity." (collecting cases)); *see, e.g., Barber v. Maoirana*, No. 14-CV-2227, 2015 WL 5562222, at *10 (W.D. La. June 3, 2015), *rec. adopted*, 2015 WL 5566699 (W.D. La. Sept. 18, 2015) (dismissing ADA claim under Section 1915(e)(2)(B) because the plaintiff failed to allege that he was a qualified individual with a disability); *cf. Manuel v. Livingston*, Civ. A. No. H-15-3708, 2016 WL 7131553, at *3 (S.D. Tex. Dec. 5, 2016) ("Manuel has not alleged facts suggesting that the defendants had the subjective intent to discriminate against him because of his disability. Manuel's ADA claim is dismissed for failure to state a claim on which relief can be granted." (citing 28 U.S.C. § 1915(e)(2)(B)(ii))).

For these reasons, the complaint should be dismissed because Anderson has failed to allege a claim under the ADA that has substantive plausibility. But, given her *pro se* status, the Court should dismiss the complaint without prejudice to her ability to file, within a reasonable time to be set by the Court, an amended complaint alleging a plausible ADA claim.

## Recommendation

The Court should dismiss the complaint without prejudice to Plaintiff Victoria

Anderson's filing, within a reasonable time to be set by the Court, an amended complaint stating a plausible claim under Title I of the Americans with Disabilities Act.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: December 15, 2017

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE